IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAQUAN EVANS,<br><br>      Petitioner,<br><br>  vs.<br><br>JOHN COLVIN, Superintendent, Five Points Correctional Facility,<br><br>      Respondent. | No. 9:16-cv-01346-JKS<br><br>MEMORANDUM DECISION |

  Saquan Evans, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Evans is in the custody of the New York State Department of Corrections and Community Supervision and incarcerated at Five Points Correctional Facility. Respondent has answered the Petition, and Evans has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

  On December 16, 2010, Evans was charged with second-degree murder and second-degree criminal possession of a weapon in connection with the shooting of Rashad Walker, Jr., a bystander caught in the midst of gang-related violence.[1] Prior to trial, the court held a hearing to address Evans' motion to suppress identification evidence and verbal statements he made to the police. At the conclusion of the hearing, the court denied suppression of identification evidence. The court also denied suppression of statements he made to Detectives Merola and Lenhart and reserved judgment on suppression of Evans' statements to Detectives Walsh and Vanslyke. Defense counsel

---

[1] The indictment also included 10 other counts relating to an incident that occurred on November 7, 2010. Those 10 counts were severed from the two counts that are the subject of the instant Petition.

subsequently argued that the remainder of Evans' statements should be suppressed as the fruit of an illegal arrest at his home, in violation of *Payton v. New York*, 445 U.S. 573, 602-603 (1980) (holding that the Fourth Amendment generally precludes law enforcement from effectuating an arrest within a person's home in the absence of an arrest warrant). The court issued a written decision finding *Payton* inapplicable, but also determining that Evans invoked his right to remain silent when Detective Walsh interviewed him, which was not scrupulously honored. The court thus suppressed statements Evans made after that invocation. After a jury trial, Evans was convicted as charged. He was subsequently sentenced to consecutive terms of 25 years to life imprisonment for the second-degree murder conviction and 15 years' imprisonment for the second-degree criminal possession of a weapon conviction, plus five years of post-release supervision.

Through counsel, Evans appealed his conviction, arguing that: 1) the verdict was against the weight of the evidence; 2) the trial court improperly imposed consecutive rather than concurrent terms of imprisonment; 3) he was denied a fair trial due to a prosecution witness's testimony and the prosecutor's statement on summation that commented on Evans' invocation of his right to remain silent; 4) his counsel was ineffective for failing to object to those remarks; and 5) the trial court erred in denying Evans' motion to suppress statements made after he was unlawfully arrested. The Appellate Division of the New York Supreme Court unanimously affirmed the judgment against Evans in a reasoned opinion issued on October 9, 2015. *People v. Evans*, 17 N.Y.S.3d 576, 578 (N.Y. App. Div. 2015). Evans filed a counseled petition for review in the Court of Appeals, raising all claims he had unsuccessfully raised to the Appellate Division. The Court of Appeals denied leave without comment on October 29, 2015. *People v. Evans*, 44 N.E.3d 942, 942 (N.Y. 2015).

Evans timely filed the instant *pro se* Petition for a Writ of Habeas Corpus to this Court on October 23, 2016. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Evans raises the five claims he unsuccessfully raised to the state courts on direct appeal. Namely, Evans argues that: 1) the verdict was against the weight of the evidence; 2) the trial court improperly imposed consecutive rather than concurrent terms of imprisonment; 3) he was denied a fair trial due to a prosecution witness's testimony and prosecutor's statement on summation that commented on Evans' invocation of his right to remain silent; 4) his counsel was ineffective for failing to object to those remarks; and 5) the trial court erred in denying Evans' motion to suppress statements made after he was unlawfully arrested.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary

disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Evans has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66-67 (2d Cir. 1952) (per curiam).

IV. DISCUSSION

A.  <u>Weight of the Evidence/Sufficiency of the Evidence</u> (Ground 1)

Evans first argues that the jury's verdict was against the weight of the evidence. As an initial matter, claims that challenge verdicts as against the weight of the evidence are not cognizable on federal habeas review. *See McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011). "Unlike a sufficiency of the evidence claim, which is based upon federal due process principles, a weight of the evidence claim is an error of state law, for which habeas review is not available." *Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (citation and internal quotation marks omitted). "A weight of the evidence argument is a pure state law claim grounded in [CPL] § 470.15(5) which empowers New York state intermediate appellate

5

court[s] to make weight of the evidence determinations." *Id.* (citation and internal quotation marks omitted). The Court therefore denies Evans' weight of the evidence claim on that basis.

Moreover, even if Evans had properly raised before this Court a sufficiency of the evidence claim, he would not be entitled to relief.[2] As articulated by the Supreme Court in *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard). This Court must therefore determine whether the New York court unreasonably applied *Jackson*. In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial. *Jackson*, 443 U.S. at 318-19. Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume–even if it does not

---

[2] Respondent urges the Court to deny as unexhausted and defaulted any construed legal insufficiency claim. But at least some federal courts in this Circuit have concluded that presenting a weight of the evidence claim without more also raises a federal sufficiency of the evidence claim for purposes of habeas exhaustion. *See, e.g.*, *Williams v. LaValley*, No. 9:12-cv-01141, 2014 WL 1572890, at *3 (N.D.N.Y. Apr. 17, 2014); *Martin v. Brown*, No. 08-CV-0316, 2010 WL 1740432, at *7-8 (E.D.N.Y. Apr. 29, 2010). Indeed, the Second Circuit has suggested in dicta that a petitioner who raises a state law weight of the evidence claim on direct appeal has both raised and exhausted a constitutional sufficiency of the evidence claim for federal habeas purposes. *See Liberta v. Kelly*, 839 F.2d 77, 80 n.1 (2d Cir. 1988); *see also Wilson v. Heath*, 938 F. Supp. 2d 278, 290 (N.D.N.Y. 2013) (noting that "the Second Circuit [in *Liberta*] has suggested that a petitioner who raises a state law weight of the evidence claim on direct appeal has exhausted a constitutional sufficiency of the evidence claim for federal habeas purposes"). In an abundance of caution, this Court will assume that the Second Circuit will ultimately clearly hold that, for exhaustion purposes, the presentation of a weight of the evidence claim is sufficient to exhaust a federal sufficiency of the evidence claim and address the merits of the claim.

affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *Id.* at 326.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must take its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n.16. A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw*, 546 U.S. at 76; *see West v. AT&T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted).

In support of his claim, Evans attacks the value of the evidence against him by alleging that the identification testimony of the eyewitnesses was unreliable, and that the other individuals who were involved in the incident and testified for the prosecution were not credible. But this Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) (dismissing habeas claim because "assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal" and deferring to the jury's assessments of the particular weight to be accorded

to the evidence and the credibility of witnesses).  Under *Jackson*, this Court's role is simply to determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain conviction.  *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).  The Appellate Division summarized the following evidence presented at trial:

> We note that [Evans] was identified at trial as the shooter by a fellow gang member, and that data from his GPS ankle bracelet that he wore while on parole placed him at the scene of the shooting at the approximate time of the shooting.  The GPS data also showed that, after the shooting, [Evans] went to his grandfather's house, where a revolver was found by the police that was consistent with the weapon used to fire the bullet that killed the victim.

*Evans*, 17 N.Y.S.3d 576 at 577.

Although it might have been possible to draw a different inference from the evidence presented at trial based on the inconsistencies and motivations identified by Evans, this Court is required to resolve that conflict in favor of the prosecution.  *See Jackson*, 443 U.S. at 326.  Evans bears the burden of establishing by clear and convincing evidence that these factual findings were erroneous.  28 U.S.C. § 2254(e)(1).  He has failed to carry such burden.  For the reasons discussed by the Appellate Division, the record does not compel the conclusion that no rational trier of fact could have found proof that Evans was guilty of second-degree murder and second-degree possession of a weapon, especially considering the double deference owed under *Jackson* and the AEDPA.  Evans therefore cannot prevail on an insufficiency of the evidence claim either.

B.    <u>Erroneous Sentencing</u> (Ground 2)

Evans next avers that the trial court erred in imposing consecutive, rather than concurrent, sentences for his two convictions.  On direct appeal, the Fourth Department rejected on the merits Evans' claim regarding the imposition of consecutive sentences.  As Respondent argues, this claim is not cognizable on federal habeas review, which is limited to questions of constitutional and

federal law. *See Estelle*, 502 U.S. at 67-68. "[T]here is no constitutionally cognizable right to concurrent, rather than consecutive, sentences." *United States v. McLean*, 287 F.3d 127, 136-37 (2d Cir. 2002) (internal quotations omitted); *see also Figueroa v. Grenier*, No. 02 Civ. 5444, 2005 WL 249001, at *15 (S.D.N.Y. Feb. 3, 2005) (holding that imposition of consecutive sentences under state law is not a ground for relief).

Moreover, the Appellate Division explained that Evans' sentences were not erroneous as a matter of state law:

> The court sentenced [Evans] to an indeterminate term of 25 years to life for the murder, and a consecutive determinate term of 15 years, plus 5 years of postrelease supervision, for the weapon possession. [Evans] was charged with "simple" weapon possession and, when a defendant is so charged, "[s]o long as [the] defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible." Contrary to [Evans'] contention, the evidence was legally sufficient to establish that he possessed the murder weapon in the car on the way to the shooting, and thus "there was a completed possession, within the meaning of [section 265.03(3) ], before the shooting took place."

*Evans*, 17 N.Y.S.3d 576 at 577 (citations omitted).

Thus, there was no error of New York state law, much less an error of federal constitutional magnitude. Accordingly, Evans' sentencing error claim must fail.

C.  Prosecutorial Misconduct/Ineffective Assistance of Counsel (Grounds 3, 4)

Evans additionally complains that the prosecutor and a prosecution witness commented on Evans' exercise of his right to remain silent, and that counsel was ineffective for failing to object to the improper comment and testimony. On direct appeal, the Appellate Division concluded that Evans failed to preserve his prosecutorial misconduct claim and that counsel's failure to preserve those contentions did not deprive Evans of the effective assistance of counsel. *Evans*, 17 N.Y.S.3d 576 at 577-78.

As an initial matter, Respondent correctly argues that Evans' prosecutorial misconduct claim is procedurally barred from federal habeas review as well. "[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim." *Harris*, 489 U.S. at 262. In finding the prosecutorial conduct claim unpreserved for appellate review, the Appellate Division relied upon New York's contemporaneous objection rule, New York Criminal Procedure Law ("CPL") § 470.05(2), which has long been considered an "adequate and independent ground" that bars federal habeas review. *See Whitley v. Ercole*, 642 F.3d 278, 292 (2d Cir. 2011). New York's rule requires that an alleged error be "brought to the attention of the trial court at a time and in a way that [gives it] the opportunity to remedy the problem and thereby avert reversible error." *People v. Luperon*, 647 N.E.2d 1243, 1246-47 (N.Y. 1995). As the record supports that defense counsel did not raise this particular contention at trial , the Appellate Division properly applied New York's adequate and independent contemporaneous objection rule, and his prosecutorial misconduct claim must be denied on that basis.

Moreover, Evans is not entitled to relief on the merits of his *Doyle* claim. A suspect has a constitutional right not to speak to police after he is arrested and given his *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). As a consequence of that right, prosecutors are prohibited from commenting on a defendant's post-*Miranda* silence. *Doyle v. Ohio*, 426 U.S. 610, 618-19 (1976); *see also United States v. Lopez*, 500 F.3d 840, 844 (9th Cir. 2007) (prosecutor's comment on defendant's post-*Miranda* silence violates *Doyle*). The rationale for this rule "rests on the fundamental unfairness of implicitly assuring a suspect that his silence will not be used against him and then using his silence to impeach an explanation subsequently offered at trial." *Wainwright v. Greenfield*, 474 U.S. 284, 291 (1986) (citation and internal quotation marks omitted) (holding that

10

prosecution may not use defendant's silence during case-in-chief). After the Supreme Court's decision in *Berghuis v. Thompkins*, 560 U.S. 370 (2010), "for a defendant to invoke either the right to remain silent or the right to counsel, he must do so unambiguously," *United States v. Plugh*, 648 F.3d 118, 128 (2d Cir. 2011).

The Supreme Court, however, has declined to extend *Doyle* to situations where the defendant did not invoke his *Miranda* rights but waived them and gave a post-arrest statement. *See Anderson v. Charles*, 447 U.S. 404, 408 (1980) (per curiam). Here, the suppression court found that Evans did not unequivocally invoke his right to remain silent. Rather, the court concluded that Evans' statements to detectives that "I wish to remain silent for now. You can go ahead and talk but I might not answer your question" were instead "an invitation of the [petitioner] to be asked questions and then he would decide on each occasion whether or not to answer them."

The factual determination of the state courts that Evans did not invoke his right to remain silent is entitled to deference pursuant to § 2254(d)(2). *See Parsad v. Greiner*, 337 F.3d 175, 180 (2d Cir. 2003). In light of this deferential standard of review, an independent review of the record reveals that, although certain factors may weigh in favor of finding that Evans invoked his right to remain silent and thus the prosecutor committed *Doyle* error in eliciting that testimony, the Appellate Division's determination was not contrary to or an unreasonable application of federal law, and did not result in a decision that was based on an unreasonable determination of the facts. Furthermore, the Appellate Division's determination that defense counsel's failure to object to the alleged prosecutorial misconduct did not constitute ineffective assistance, *Evans*, 17 N.Y.S.3d 576 at 577-78, is both reasonable and fully supported by the record, *see Aparicio v. Artuz*, 269 F.3d 78, 99 (2d

Cir. 2001) (holding that it is not ineffective assistance where counsel fails to raise meritless claims). Evans is thus not entitled to relief on either of these grounds.

D.     Erroneous Denial of Suppression Motion (Ground 5)

Finally, Evans claims that the trial court erred in refusing to suppress as the fruit of an unlawful arrest statements he made after he was allegedly arrested in violation of *Payton*, in which the Supreme Court held that the Fourth Amendment generally precludes the police from effectuating an arrest within a person's home in the absence of an arrest warrant, 445 U.S. at 576, 602–03. However, any challenge to his arrest and the admissibility of his resulting statements is foreclosed by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976). Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim,[3]" federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure was introduced at trial. *Id.* at 482. The *Stone v. Powell* doctrine applies to all Fourth Amendment claims, including claims of illegal stops, arrests, searches, or seizures based on less than probable cause, and it applies regardless of the nature of the evidence sought to be suppressed. *Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983) (per curiam).

The Second Circuit has made clear that all *Stone* requires is that the State provide a petitioner the opportunity to litigate his Fourth Amendment claim. *See McPhail v. Warden*, *Attica Corr.*

---

[3]     The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

*Facility*, 707 F.2d 67, 69-70 (2d Cir. 1983). In order to receive habeas review of a Fourth Amendment claim, a petitioner must demonstrate either that the State failed to provide any "corrective procedures" by which Fourth Amendment claims could be litigated, or that the State had such procedures in place but that the petitioner was unable to avail himself of those procedures "because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). A "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process," and thus is insufficient to give this Court authority to review Fourth Amendment claims. *Id.* at 72. That New York has in place such procedures is well-settled, and the record reflects that Evans took full advantage of his opportunity to fully adjudicate the matter in state court. *See id.* at 70 & n.1. Evans is therefore not entitled to relief on this ground.

## V. CONCLUSION

Evans is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: June 21, 2018.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
